Orlando Hernandez **BANUELOS,**
Sr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08-87-00142-CR.

Court of Appeals of Texas,
El Paso.

Aug. 17, 1988.

Richard R. Alvarado, Odessa, for appellant.

R.C. "Eric" Augesen, Dist. Atty., Odessa, for appellee.

Before SCHULTE, FULLER and WOODARD, JJ.

OPINION

WOODARD, Justice.

Appellant appeals from a jury conviction and fifty-year sentence for the offense of murder. We affirm.

In a confession suppression hearing, the following facts were developed. The body of Appellant's infant son was discovered in a trash dumpster. On April 1, 1986, the seventeen-year-old Appellant and other relatives proceeded to the police station at the investigation officers' request. No one was under arrest.

After being questioned by Detective Price, Appellant was read the Miranda warnings. He immediately requested to

**4**

speak with an attorney. According to Detective Price, Appellant was told he could leave, and the interview was terminated. Appellant reportedly preferred to remain until other family members had concluded their interviews. He was left alone in the interview room.

Sergeant Magee, supervising officer, narrated that he asked the Appellant, "[i]s it true that you want an attorney?", and the reply was "[n]o, I will talk to you now." Detective Price then testified he reentered the interrogation room and reread the Miranda warnings. He stated the Appellant acknowledged them, waived his right to counsel and confessed in writing to the murder of the child. Appellant testified his request for an attorney was ignored, and the interrogation persisted until he confessed.

The trial court found the Appellant had understood his rights and knowingly and intelligently waived his right to an attorney subsequent to his initial request. The judge further found the confession was freely and voluntarily given and overruled the motion to suppress.

■ The trial court is the sole judge of the credibility of the witnesses in a pretrial hearing and absent a showing of an abuse of discretion, the trial court's findings will not be disturbed. *Freeman v. State,* 723 S.W.2d 727 (Tex.Cr.App.1986).

The Appellant cites *Evans v. State,* 659 S.W.2d 405 (Tex.Cr.App.1983) for the proposition that a defendant, having requested counsel, is not subject to further interrogation until counsel is made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police. The reason for the rule is to prevent badgering. *Oregon v. Bradshaw,* 462 U.S. 1039, 1044, 103 S.Ct. 2830, 2834, 77 L.Ed.2d 405, 411 (1983).

■ All initiated conversation by the police is not forbidden. *Freeman v. State,* supra. In that case as in this one, the "initiation" of communication about the offense came from the accused. Sergeant Magee testified that he asked the question prefatory to his intended request of the

Appellant to step to the lobby and vacate the office so it could be otherwise utilized.

■ The State has a "heavy burden" to show that a defendant's waiver of his right to counsel during post attorney request reinterrogation was knowing and intelligent. *Wilkerson v. State,* 657 S.W.2d 784 (Tex.Cr.App.1983). The trial court, however, could have and did reasonably believe the testimony of the officers. It could have further reasonably believed that the reinitiated conversation by the officer was not intended to harass or produce further interrogation, but was merely a civil prelude or assurance of a fact made prior to requisitioning the room. From a totality of the circumstances, the trial court's finding of a knowing and intelligent waiver of the right to counsel is not unreasonable.

Abuse of discretion not being shown, the point of error is overruled, and the judgment is affirmed.